## SAM DOSS, JR., *v.* COMMONWEALTH.

**Criminal Law—Forgery.**

> In a prosecution for forgery it is enough to show that the accused committed the forgery for the fraudulent purpose of obtaining the possession of money or property, and it is not required that the party to whom the forged instrument was offered should have received it as genuine or believed it was genuine.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

June 8, 1878.

OPINION BY JUDGE PRYOR:

It is not necessary that the party to whom the forged order was offered should have received it as genuine or believed that it was

genuine. It is enough to show that the accused committed the forgery for the fraudulent purpose of obtaining the possession of money or property. In this case the order was presented to Ware when the accused knew it was a forgery, and with the fraudulent purpose of obtaining Ware's goods. The case is directly within the statute.

The judgment of conviction was reversed by this court at the instance of the accused; therefore the case stands as if no trial had ever taken place.

He asked for a new trial, and if the fact of punishment is a bar because the accused had been tried and convicted, every reversal would operate to discharge the prisoner. The time of punishment was entered as a credit upon the claim the state had against him by reason of his crime.

The judgment is *affirmed.*

*Landers & Clark, for appellant.   Moss, for appellee.*